# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 16, 2020

Lyle W. Cayce
Clerk

No. 20-20087
Summary Calendar

Steven M. Dunbar,

*Plaintiff—Appellant*,

*versus*

Samuel Pena, *in his official capacity as* Houston Fire Chief;
Robert I. Garcia, *in his official capacity as* Houston Assistant
Fire Chief,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-3337

Before Haynes, Willett, and Ho, *Circuit Judges*.
Per Curiam:*

In July 2019, Steven Dunbar, a District Chief for the Houston Fire
Department ("HFD"), made a post in a private social media group for HFD
firefighters. Discussing a transfer opportunity HFD had posted the month

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

before, he wrote: "If you are thinking about putting in for a spot in District 64 on C-shift you better have your sh** together.  Wanna play games like previously-assigned members?  You will be miserable…promise."

Under HFD's transfer guidelines, "No member will communicate with [a] member requesting [a] transfer, including the incoming officer, to promote or influence the candidacy of a member or to discourage a member from applying for a posted or anticipated vacancy.  Any violation of this directive will result in disciplinary action."  A similar statement was included in the memorandum announcing the transfer opportunity.

HFD Assistant Fire Chief Robert Garcia saw Dunbar's post and expressed concern about it to HFD Fire Chief Samuel Peña, which ultimately led to Dunbar being transferred to an administrative position in another district.   The transfer form filled out by Garcia explained that Dunbar was being transferred because his "[s]ocial media posts meant to discourage members from transferring to their district compromises the integrity of the HFD Transfer policy."

Soon after Dunbar was transferred, Garcia also asked the HFD Professional Standards Office to investigate Dunbar for creating a hostile work environment through his social media post.  The investigation resulted in Dunbar being suspended for three days for violating the transfer guidelines, a suspension that was later reduced to one day.  Dunbar has since been assigned to a post as District Chief in a different district.

Dunbar, filing pro se, sued Garcia and Peña in their official capacities under 42 U.S.C. § 1983 in federal district court, alleging that they violated his First Amendment speech rights and that HFD's transfer guidelines are unconstitutional.  He sought a declaratory judgment and injunctive relief. The district court dismissed the case with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Dunbar timely appealed.

No. 20-20087

We review de novo a dismissal under Rule 12(b)(6), applying the same standard as the district court and viewing well-pleaded facts in the light most favorable to the plaintiff. *See McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017). The general rule for a pleading is that they "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Although pro se litigants are entitled to liberal construction of their pleadings, they must still "state a plausible claim to relief." *See EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

Public employees are entitled to circumscribed constitutional protections in connection with their governmental duties, but they "do not surrender all their First Amendment rights by reason of their employment. Rather, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). Therefore, to be protected against adverse employment action in retaliation for speech, a public employee must speak in the employee's "capacity as a citizen," rather than pursuant to the employee's "official duties," and the employee must address a matter of public concern. *Id.* at 417, 421. Otherwise, "the employee has no First Amendment cause of action based on his or her employer's reaction to the speech." *Id.* at 418.

A public employee speaks on a matter of public concern when the speech "can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." *Snyder v. Phelps*, 562 U.S. 443, 453 (2011) (internal quotation marks and citations omitted). For example, "a teacher's letter to the editor of a local newspaper concerning a school budget constitute[s] speech on a matter of public concern." *Lane v. Franks*, 573 U.S. 228, 237 (2014) (citing *Pickering*

*v. Bd. of Ed. of Twp. High Sch. Dist. 205*, 391 U.S. 563, 571 (1968)).  So does a public employee's subpoenaed testimony on "corruption in a public program and misuse of state funds."  *Lane*, 573 U.S. at 241.  By contrast, employee-to-employee communications concerning particular transfer decisions generally do not implicate matters of public concern.  *See Connick v. Myers*, 461 U.S. 138, 148–49 (1983) (holding that a public employee's questionnaire drafted in connection with a transfer decision did not address a matter of public concern because "the questionnaire, if released to the public, would convey no information at all other than the fact that a single employee [wa]s upset with the status quo").  Similarly, we have held that a police officer's public social media posts expressing displeasure with a police chief's decision not to send a representative to the funeral of an officer did not implicate a matter of public concern.  *Graziosi v. City of Greenville*, 775 F.3d 731, 738–40 (5th Cir. 2015).[1]

In this case, Dunbar's post did not address a matter of public concern.  As evidenced by it being posted in a private group for HFD firefighters, Dunbar's comment on potential transferees' applications to a particular HFD district was relevant only to HFD employees who might have been considering such a transfer, not to the public generally.  *See Connick*, 461 U.S. at 148–49; *Graziosi*, 775 F.3d at 738–40.  Although the post's "subject matter could, in different circumstances, have been the topic of a communication to the public that might be of general interest," it was not under these circumstances.  *Connick*, 461 U.S. at 148 n.8.  Indeed, Dunbar did not assert that he was speaking on a matter of public concern in his complaint or brief.

---

[1] Although the posts were made on a public social media page, they primarily concerned dissatisfaction with internal department decision-making and were therefore unprotected.  *Graziosi*, 775 F.3d at 739.

No. 20-20087

Accordingly, Dunbar cannot sustain a First Amendment claim against Garcia and Peña for their response to his post.

For similar reasons, Dunbar's broader challenge to the constitutionality of the HFD transfer guidelines also fails. A public employer like HFD can adopt policies restricting its employees from speaking on issues that are not of public concern so long as those policies do not unduly restrict other, protected speech. *See, e.g.*, *Commc'ns Workers of Am. v. Ector Cty. Hosp. Dist.*, 467 F.3d 427, 437–39 (5th Cir. 2006) (en banc) (concluding that a public employer's policy prohibiting the adornment of hospital uniforms did not violate hospital workers' First Amendment rights in large part because the policy primarily limited speech on matters not of public concern). On their face, the transfer guidelines here prohibit only employee-to-employee communications that influence potential transferees' applications to vacant positions. *See Connick*, 461 U.S. at 153. Dunbar does not argue that HFD's transfer guidelines prohibit HFD employees from commenting on any public-facing aspects of HFD transfers, such as transfers made to hide corruption within HFD. Because Dunbar has not plausibly alleged that the transfer guidelines prohibit HFD employees from speaking on matters of public concern, the district court properly dismissed Dunbar's facial challenge to the constitutionality of the transfer guidelines.

In sum, Dunbar failed to state a claim against Garcia and Peña, he was not entitled to declaratory or injunctive relief, and the district court properly dismissed his complaint.[2]

AFFIRMED.

---

[2] We reject Dunbar's argument that an arbitration ruling in another case involving a different plaintiff barred HFD from transferring or suspending him for his private social media post. Dunbar offers no reason why that arbitration ruling precludes HFD from sanctioning him for violating the transfer guidelines.